**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT HAYES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, NEW JERSEY STATE PRISON, *et al.*,<br><br>Respondents. | No. 25cv15990 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

Respondents move to dismiss Petitioner Robert Hayes's petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely. D.E. 5 ("Motion" or "Mot."). The Court has considered the Motion, Respondents' brief, D.E. 5-1 ("Resp. Br."), Hayes's petition, D.E. 1 ("Petition" or "Pet."), and Hayes's opposition, D.E. 7 ("Opposition" or "Opp'n").

The Petition was docketed on September 25, 2025. Hayes, however, certified under penalty of perjury that he placed it in the prison mailing system on April 24, 2023. Pet. at 14. The Court has jurisdiction under 28 U.S.C. § 2254 and decides the motion without oral argument.[1] The Court will **DENY** the Motion because Respondents have not established, on the present record, that the Petition was untimely.

## I. BACKGROUND

Hayes challenges a New Jersey state court conviction for which he was sentenced on April 21, 2014. Pet. at 2. The New Jersey Superior Court, Appellate Division ("Appellate Division") affirmed his convictions on March 5, 2018, D.E. 5-33 ("App. Div. Opinion"), and the

[1] *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

New Jersey Supreme Court denied certification on October 18, 2018, D.E. 5-34 ("N.J. Supreme Court Order"). Resp. Br. at 4. Hayes then filed a petition for post-conviction relief ("PCR"), which bears an electronic filing date of January 18, 2019, D.E. 5-35 at 4 ("Notice of Verified PCR Petition"). Following an evidentiary hearing, the PCR court denied relief on August 30, 2021, D.E. 5-43 at 1 ("PCR Order"). The Appellate Division affirmed on November 23, 2022, D.E. 5-47 ("PCR Appeal Opinion"), and the New Jersey Supreme Court denied certification on February 10, 2023, D.E. 5-48 ("New Jersey Supreme Court Order on PCR Appeal"). *Id.* at 5. The Petition was docketed in this action on September 25, 2025. Pet. at 1; *see* Dkt.

Respondents assert that Hayes's conviction became final on June 3, 2018, ninety days after the Appellate Division affirmed his conviction. Resp. Br. at 8. Based on that date, Respondents calculate that 229 days of the one-year limitations period elapsed before Hayes filed his PCR petition on January 18, 2019. *Id.* Respondents further contend that the limitations period resumed when the PCR proceedings concluded on February 10, 2023, leaving Hayes 136 days, or until June 26, 2023, to file his federal habeas petition. *Id.* at 8–9.

As a result, Respondents argue that the Petition is untimely because it was not docketed until September 25, 2025. *See* Dkt; Pet. at 1. Although Hayes certified that he placed the Petition in the prison mailing system on April 24, 2023, Respondents contend that his supporting exhibits establish only correspondence with the Court and payment of the filing fee, rather than mailing of the Petition itself. Pet. at 14; Resp. Br. at 9–10. Respondents characterize Hayes's account of mailing the Petition in April 2023 as self-serving and argue that the September 2025 docketing date should control. Resp. Br. at 10. They also oppose equitable tolling, arguing that Hayes failed to diligently pursue his Petition after 2023. *Id.* at 10–12.

Hayes disputes that the September 2025 docketing date reflects when he filed the Petition. *See* Opp'n. He maintains that he timely submitted the Petition in 2023 and paid the filing fee. Opp'n at 1. His signed Petition contains a certification under penalty of perjury that he placed it in the prison mailing system on April 24, 2023. Pet. at 14. In a September 19, 2025 letter, however, Hayes states that he mailed the Petition to the Court's Trenton address in May 2023. D.E. 1-3 at 1 ("Mailing Letter"). Although these dates differ, both precede Respondents' proposed June 26, 2023 deadline. Hayes further explains that he repeatedly attempted to obtain information about the Petition's status and, after learning that the Court had not received it, submitted another copy at the direction of a Clerk's Office employee. *Id.* To support his account of events, Hayes submitted payment records, a legal mail receipt, and correspondence documenting his efforts to inquire about the Petition. *Id.*; *see* D.E. 1-4.

Hayes's supporting records document payment of the habeas filing fee in May 2023 and his subsequent efforts to determine the Petition's status. On May 17, 2023, Hayes requested a $5 payment to the Court, and an accompanying prison check record identifies check no. 417767, dated May 18, 2023. D.E. 1-4 at 1 ("Business Remit and Check Record"). The Court received that check on May 25, 2023, as reflected in a receipt identifying the payment as a habeas filing fee. D.E. 1-4 at 3 ("District Court Receipt"). An August 16, 2023, memorandum from inmate paralegal M. Kennon documents an attempt to contact the Court about Hayes's Petition, identifying the May 25 payment and reporting that Kennon left a message requesting a status update. D.E. 1-4 at 4 ("Aug. 16, 2023 Response to G-27D**"). A second memorandum dated June 19, 2025, describes further unsuccessful inquiries using the same payment information. D.E. 1-4 at 5 ("June 19, 2025 Response to G-27D**").

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to a state court judgment has one year to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates specified in § 2244(d)(1)(A)–(D). As relevant here, the limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In calculating the limitations period, the Court excludes the time during which a properly filed application for state post-conviction or other collateral review concerning the judgment or claim is pending. *Id.* § 2244(d)(2). Moreover, dismissal under Federal Rule of Civil Procedure 12(b)(6) based on a statute of limitations defense is appropriate only when the time bar is apparent from the face of the petition. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

Under the prisoner mailbox rule, a *pro se* prisoner's habeas petition is filed "at the moment of delivery to prison authorities for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266, 271 (1988)). The rule reflects the "concern with the *pro se* prisoner's lack of control over the filing of documents" given the "unique situation of *pro se* prisoners who cannot ensure that the court clerk will receive" their petitions on time. *Burns*, 134 F.3d at 112–13.

Rule 3(d) of the Rules Governing Section 2254 Cases further provides that "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." R. Governing § 2254 Cases 3(d). An inmate must use a designated legal mail system if one exists. *Id.* Timely filing may be shown by "a declaration in compliance with 28 U.S.C. § 1746" or "a notarized statement, either of which must set forth the

date of deposit and state that first-class postage has been prepaid." *Id.*; *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013). The Court construes Hayes's *pro se* submissions liberally while requiring support for the relevant facts. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45, 249 (3d Cir. 2013) (noting "some procedural rules must give way because of the unique circumstance of incarceration" but "*pro se* litigants still must allege sufficient facts in their complaints to support a claim") (citation modified).

## III. ANALYSIS

Respondents miscalculated the deadline for Hayes to file the Petition because they used the wrong date to determine when Hayes's conviction became final. Specifically, Respondents measured the ninety-day period for seeking certiorari in the U.S. Supreme Court from March 5, 2018, when the Appellate Division affirmed his conviction. Resp. Br. at 8; App. Div. Opinion at 1. That period instead began on October 18, 2018, when the New Jersey Supreme Court denied certification, making Hayes's conviction final on January 16, 2019. N.J. Supreme Court Order at 1. The one-year limitations period began the following day and was tolled when Hayes filed his PCR petition on January 18, 2019, after only one day had elapsed. Notice of Verified PCR Petition at 1; *see* 28 U.S.C. § 2244(d)(2).[2] The New Jersey Supreme Court denied certification on PCR review on February 10, 2023, ending statutory tolling. New Jersey Supreme Court Order on PCR Appeal at 1. With 364 days remaining, Hayes had until at least February 9, 2024, to file his federal Petition. The Court therefore analyzes whether Hayes

[2] Although the state court's records identify January 18, 2019, as the filing date, the PCR petition also bears a Clerk's Office stamp indicating receipt on January 16, 2019. Notice of Verified PCR Petition at 1, 4. The Court uses the later date for its calculation because the discrepancy does not affect the disposition.

submitted the Petition to prison officials before February 9, 2024, despite its September 2025 docketing date.

The present record, viewed as a whole, supports Hayes's account that he submitted the Petition for mailing in 2023. Hayes certified under penalty of perjury that he placed the Petition in the prison mailing system on April 24, 2023. Pet. at 14. Although his September 2025 letter instead refers to mailing the Petition in May 2023, both dates precede the February 9, 2024 deadline. Mailing Letter at 1. His account is further supported by contemporaneous records showing that the Court received his $5 habeas filing fee on May 25, 2023, and that he attempted to obtain information about the Petition's status in August 2023. *See* Business Remit and Check Record; District Court Receipt; Aug. 16, 2023 Response to G-27D**. Although these records do not independently establish when Hayes delivered the Petition to prison officials or whether he complied with the prison's legal mail requirements, they corroborate his sworn account of an earlier submission. Respondents, meanwhile, offer no evidence directly contradicting Hayes's asserted mailing date. *See* Resp. Br. at 9–12. Considering these submissions together, the Court cannot conclude that the Petition was filed after the February 9, 2024, deadline.

## IV. CONCLUSION

For the reasons above, the Court will **DENY** Respondents' Motion to dismiss the Petition as untimely. Respondents shall file an answer addressing the merits of the Petition and any remaining defenses within **60 days** of entry of the accompanying Order. Hayes may file a reply within **45 days** of Respondents' answer. Because the Court has considered Hayes's opposition, his request for additional time to respond to the Motion will be **DENIED as moot**. An appropriate Order follows.

Dated: November 24, 2026

Evelyn Padin, U.S.D.J.